## F. M. BOYATT v. J. D. RUFFNER.

Eastern Section. · May 6, 1927.

No petition for Certiorari was filed.

1. **Contracts.** *Party calling a doctor to attend a wounded boy held not obligated to pay doctor's bill.*
Where the defendant, an employee of a railroad company, found a boy whose hand had been injured on a railroad car and called a doctor to attend the boy, it appearing from the evidence that the boy was unknown to the defendant and that he simply called the doctor for the sake of the boy, and it further appearing that the boy's mother was present at the time the doctor treated the boy, held that there was no liability on the part of the defendant to pay the doctor's bill.

Appeal from Circuit Court, Scott County; Hon. W. H. Buttram, Judge.

Reversed.

H. M. Carr, of Harriman, for plaintiff in error.

O. C. Conatser, of Oneida, for defendant in error.

OWEN, J.   This suit was instituted before a Justice of the Peace about the same time the plaintiff instituted a suit before a Justice of the Peace against the C. N. O. & T. P. Railway for the same account.   From the judgment rendered in each cause before the Justice of the Peace there was an appeal to the circuit court of Scott county and the two cases were there tried by consent at the same time before the Circuit Judge and upon the same proof. Said cases were tried by the Circuit Judge with the intervention of a jury, and he found in favor of the defendant in the C. N. O. & T. P. Railway Company case and rendered a judgment in favor of the plaintiff and against the defendant J. D. Ruffner for $125. The defendant seasonably filed a motion for new trial, prayed and was granted an appeal to this court and has assigned one error, to-wit: ''there is no evidence to support the judgment of the lower court.''

The bill of exceptions consists of two pages of the transcript. It is in narrative form, and, in substance, is as follows: The plaintiff is a practicing physician; the defendant, about the 10th of June, 1923, informed the plaintiff that a boy had been injured and asked plaintiff to treat the boy.   The boy was hurt while swinging on to a car on defendants railroad.   The boy was one ———— Young.   It appears that the boy's mother, Mrs. Maude Young, was at the plaintiff's office when he treated the boy's hand and amputated two fingers.   She did not employ plaintiff, and testified she had not paid the plaintiff.   As to her financial condition the record is silent.   The doctor treated this boy at the time he was informed of his injury and requested by the plaintiff to treat him, and continued said treatment for five weeks.   He testified he charged the bill to the defendant railroad company as he had done in similar cases before.   The plaintiff testified that the defendant did not in any way obligate himself to pay or stand good for the services rendered.   The defendant simply said ''we have a boy hurt and want you to treat him.   The defendant testified that he saw the boy on the streets of Oneida; that he (the boy) was holding his hand, crying and ''holloing;'' that blood was flowing freely from his wound.   Several people were trying to find a doctor and that defendant procured one J. D. Douglas to drive him up to the plaintiff's house.   Upon reaching the doctor's home the de-

fendant told the doctor (the plaintiff) that a boy had been hurt and needed attention at once.

Defendant further testified that what he did was for humanity's sake; that he did not employ the plaintiff, had no thought of doing so and said nothing to him to indicate that he would pay or stand for the services performed; that what he did was what others were trying to do, viz.: find a doctor to treat a boy who seemed to need immediate help. The defendant Ruffner is an employee of the defendant railroad company, but he was not at work for the company that day. He had no authority to employ plaintiff for or on behalf of the railroad company, and he did not employ the plaintiff either for himself or for the railroad company; that he did not agree to stand for the doctor's bill. This was all the evidence.

We are of opinion that the assignment of error must be sustained. We find no evidence that the defendant by any contract, express or implied agreed to pay the plaintiff. We find that he was under no moral obligation to pay the plaintiff. It appears that the boy who was injured was as much a stranger to the defendant as he was to the plaintiff (in no way connected with either one) and the defendant did just what others were trying to do,— get a doctor as quickly as possible for a boy that was in great pain. The plaintiff says that he did not charge the account to the defendant; that he charged it to the railroad; that the railroad had injured the boy and that the plaintiff's custom was to treat parties injured by the railroad and charge the railroad for same, and that the railroad company would pay the bill.

There is no appeal by the plaintiff from the action of the court in dismissing his suit as to the railroad company. The plaintiff proceeded to treat the boy for five weeks without further communication with the defendant. The boy's mother was present when the fingers were amputated and was with the boy when the plaintiff reached the boy at the plaintiff's office.

We are of opinion that the defendant did what any reasonable prudent man would have done under like circumstances for the sake of suffering humanity—call a doctor—and there is no legal obligation resting upon the defendant to pay the plaintiff for the services rendered to the Young boy. The judgment of the lower court is reversed and the plaintiff's suit dismissed. The plaintiff will pay the cost of the cause, for which execution will issue.

Heiskell and Senter, JJ., concur.